UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ETHYL A. WHITLOW, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:09-cv-1188-DML-JMS ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

## Entry on Motion for Attorneys' Fees

Plaintiff Ethyl A. Whitlow has moved the court for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), following the court's entry of final judgment remanding this case to the Commissioner of the Social Security Administration ("Commissioner") for further consideration. (Dkt. 34). Ms. Whitlow seeks an award of $6,586.40.

Section 204(d) of the EAJA, 28 U.S.C. § 2412(d), requires in a suit by or against the federal government that the court award to a prevailing party (other than the United States) her attorneys' fees and expenses unless the court finds that the United States' position was substantially justified or special circumstances make an award not just. The party's motion to recover her fees must be timely. 28 U.S.C. § 2412(d)(1)(B).

The Commissioner opposes Ms. Whitlow's fee request on the ground that the Commissioner's position was substantially justified, an issue for which the Commissioner bears the burden of proof. *Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009). To evaluate whether the government's position was substantially justified, the court looks at the agency's pre-litigation conduct (including the ALJ's decision) and its litigation position, and then makes one

determination as to the entire civil action. *Id.; Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004); 28 U.S.C. § 2412(d)(2)(D) (for purposes of fee award, "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based"). The Commissioner's position must have had reasonable factual and legal bases, *Pierce v. Underwood,* 487 U.S. 552, 565 (1988), but need not have been correct. *See Jackson v. Chater,* 94 F.3d 274, 278 (7th Cir. 1996) (citing *Pierce,* 487 U.S. at 566 n.2). The test is whether the Commissioner "had a rational ground for thinking that [he] had a rational ground for denying benefits." *See Kolman v. Shalala,* 39 F.3d 173, 177 (7th Cir. 1994).

The court remanded this case to allow the ALJ to address and clarify the inconsistency in his decision regarding the date on which Ms. Whitlow became disabled. Ms. Whitlow alleged that she became disabled as of March 7, 2003, a few weeks before her last insured status of March 31, 2003, for purposes of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The ALJ denied Title II benefits. His decision sometimes states that he found Ms. Whitlow to have become disabled in 2006 (consistent with the denial of DIB), but other times states that Ms. Whitlow's disability date was March 31, 2002 (inconsistent with the denial of DIB)—a date not even Ms. Whitlow had argued she was disabled. Because the disability date is pivotal to Ms. Whitlow's right to DIB, the court was not willing to assume that the ALJ's references to 2002 were scrivener's errors, even though they might be. The court did not rule, as Ms. Whitlow suggests, that the ALJ's determination of Ms. Whitlow's disability onset date was "contrary to the evidence." (*See* Dkt. 35 at p. 2).

The court did not consider the evidence that might support or detract from the ALJ's decision precisely because the ALJ needed to first address and clarify the inconsistency identified by the court.

Recent decisions by the Seventh Circuit provide guideposts for assessing when the Commissioner's position is and is not substantially justified. In *Stewart v. Astrue,* 561 F.3d 679 (7th Cir. 2009), the district court had remanded the denial of benefits but also denied fees under the EAJA. The Seventh Circuit reversed the denial of fees, finding that the ALJ's decision had "contravened longstanding agency regulations, as well as judicial precedent," both in deciding the plaintiff's residual functional capacity and then in formulating the hypothetical question to the vocational expert. *Id.* at 684. Also, in *Golembiewski v. Barnhart,* 382 F.3d 721 (7th Cir. 2004), the Seventh Circuit reversed a district court's denial of fees under the EAJA because the ALJ and the Commissioner had "violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations." *Id.* at 724. Indeed, the court had not adopted or affirmed any position the Commissioner had advanced in defending the ALJ's decision. *Id.*

On the other side of the EAJA boundary, by comparison, are *Cunningham v. Barnhart,* 440 F.3d 862 (7th Cir. 2006), and *Conrad v. Barnhart,* 434 F.3d 987 (7th Cir. 2006), cases in which the Seventh Circuit affirmed the district courts' denials of fees. In each of these cases, the disability claimant had prevailed in the district court primarily because of inadequate explanations by the ALJ of what might well be a reasonable bottom-line decision to deny benefits. *See also Bassett v. Astrue,* 2011 WL 2083979 at *2 (7th Cir. May 27, 2011) (something more than a "run-of-the-mill error in articulation" is typically needed to make the Commissioner's position not justified); *Frost v. Astrue,* 369 Fed. Appx. 721 (7th Cir. 2010) (affirming district court's denial of EAJA fee award):

> Insufficient explanation by an ALJ differs from lack of substantial justification for a denial of benefits. For all we can tell, benefits may again be denied on remand, and that decision may be sustained on judicial review; [the plaintiff's] victory may be short lived. We recognize that the remand is a victory that can in principle support an award of fees [citation omitted]. But nothing about this remand, in particular, implies the absence of substantial justification.

*Id.* at 722.

This case presents circumstances more akin to these latter cases than to *Stewart* and *Golembiewski*. The court's remand was precisely to permit the ALJ to correct an error of articulation so that the parties may better focus on the substance whether the ALJ's decision regarding Ms. Whitlow's onset date of disability is supported by substantial evidence. Accordingly, the court finds it appropriate to exercise its discretion to deny an award of fees under the EAJA.

## **Conclusion**

Plaintiff Ethyl A. Whitlow's motion for an award of fees under the EAJA (Dkt. 34) is DENIED.

So ORDERED.

Date: 06/22/2011

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
mulvany@onet.net

4